UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESLEY SINCLAIR RICKS | CIVIL ACTION |
| VERSUS | NO. 25-1953 |
| LOUISIANA DEP'T. OF HEALTH AND HOSPITALS, ET AL. | SECTION "P" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Wesley Sinclair Ricks, submitted for filing this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1 (Deficient Complaint). At the time of filing, Ricks did not submit the proper form nor did he pay the filing fee or submit with the complaint a motion to proceed *in forma pauperis*.

On September 19, 2025, the clerk of court sent a deficiency notice addressed to plaintiff instructing him that he was required to submit the proper form and either pay the filing fee or provide a separate pauper application. ECF No. 2.  The clerk of court enclosed the proper filing form and a pauper application for Ricks's use. The envelope containing the notice has not been returned as undelivered. When Ricks failed to respond to the deficiency notice, I issued an order on October 22, 2025, for Ricks to show cause on or before November 21, 2025, why his § 1983 complaint should not be dismissed for failure to prosecute. ECF No. 3. The envelope containing the order has not been returned as undelivered.  Ricks did not respond to the order, submit the proper form, pay the filing fee, or submit a pauper application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[1]  In applying the sanction of dismissal, courts have traditionally considered the

---

[1] *Hulsey v. St. of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

Ricks has failed to comply with the court's rules and orders, which has created delay in the court's ability to efficiently manage the case.  His delay is caused by and attributable to Ricks himself, justifying dismissal of his claims within the complaint for failure to prosecute.[5]  In a final effort to provide Ricks with an opportunity to show cause why his claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge.

Ricks is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to Ricks that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders.  Ricks is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Ricks is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit.

---

1988); *Brinkmann v. Dallas Cnty. Dep. Sher. Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

## <u>RECOMMENDATION</u>

It is **RECOMMENDED** that plaintiff Wesley Sinclair Ricks's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this _1st_ day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).